180 P.3d 834 (2008)
KITSAP COUNTY, a political subdivision of the State of Washington, Appellant,
v.
David N. SMITH, Clayton E. Longacre, Charles J. Shank, and Longacre Law Inc., a Washington corporation, Respondents.
No. 35878-6-II.
Court of Appeals of Washington, Division 2.
April 8, 2008.

*837 PUBLISHED OPINION
VAN DEREN, A.C.J.
¶ 1 Kitsap County appeals the trial court's (1) denial of the County's request for declaratory judgment on the issue of whether David N. Smith, a former County employee, violated the "Privacy Act," chapter 9.73 RCW, by recording conversations he had with citizens and other employees while working for the County; and (2) order granting summary judgment to Smith and his former counsel, Clayton Longacre, on the County's claim for injunctive relief and damages for Smith's asserted unlawful removal and retention of county public records. Holding that the Privacy Act issue involves a matter of major public importance and that there are issues of material fact related to Smith's removal and retention of county records, we reverse the trial court and remand for further proceedings.

FACTS
I. Background
¶ 2 From September 1992 to April 2006, Smith was a traffic engineer and senior program manager in the Kitsap County Department of Public Works. He was an "administrator, supervisor, and manager in the Department of Public Works." Clerk's Papers (CP) at 12.
¶ 3 In December 2004, one of Smith's subordinates, Charles Shank, filed a federal civil rights action against the County. During discovery, the County learned that Smith had recorded numerous conversations with employees and citizens without the other parties' consent or knowledge. The County also learned that Smith had removed documents from his county office and that he had turned these documents over to Longacre.
¶ 4 The County objected to Smith and Longacre's possession of these documents, asserting that they were county records it was required to maintain under chapter 40.14 RCW[1] and chapter 40.16 RCW,[2] and that some of the documents may not be subject to public disclosure due to employee privacy or attorney-client privilege issues. Longacre claimed that the documents were Smith's personal records and not county property.[3]
¶ 5 Eventually, the county prosecutor assigned to this matter, Jacquelyn Aufderheide, and Longacre agreed that the County could review and copy the documents so long as the County returned them after copying. The County copied over 4,600 pages of documents and then returned the original documents to Longacre. The parties dispute whether Smith ever returned the original documents to the County.
II. Brief Procedural History
A. Complaint
¶ 6 On June 7, 2005, the County filed a complaint for declaratory relief, injunctive relief, and damages against Smith and Longacre. It filed an amended complaint, adding Longacre's law firm as a defendant in August, 2005.[4] The County alleged that *838 Smith "willfully and unlawfully recorded private and confidential conversations of County employees" without their knowledge or consent in violation of the Privacy Act, that he maintained records of these recorded conversations, and that he delivered these recordings to Longacre.[5] CP at 14. It also alleged that Smith had "willfully and unlawfully removed public records within the meaning of RCW 40.14.010[[6]] and RCW [42.56.010(2)][[7]] from Kitsap County's custody and control"; that he removed the records for "private purposes, not for official County business"; and that he refused to return the records as requested. CP at 13-14.
¶ 7 The County requested (1) declaratory judgment under chapter 7.24 RCW on several issues; (2) an order requiring Smith and Longacre to return the public records, including all copies, "unlawfully" removed from the County and all of the recordings and copies of recordings at issue; and (3) an order restraining Smith from continuing to remove public records from the County and from continuing to make such recordings. CP at 18. The County also requested damages and attorney fees or, in the alternative, costs and disbursements under a variety of statutes. Ultimately, the County terminated Smith's employment in April 2006.
B. The County's Motion for Declaratory Judgment on the Privacy Act Claim
¶ 8 On May 5, 2006, the County filed a motion for declaratory judgment under chapter 7.24 RCW, requesting that the trial court enter a judgment "declaring that David Smith recorded private conversations of County employees in violation of RCW 9.73.030." CP at 22. This motion did not address other records or claims.
¶ 9 The trial court heard the motion on June 2, 2006.[8] Concluding that the County failed to establish a justiciable controversy, the trial court refused to further consider the declaratory judgment motion. The trial court also denied the County's motion for reconsideration.
C. Smith and Longacre's Motion for Summary Judgment on the Records Claim
¶ 10 Smith and Longacre then moved for summary judgment on the records issue, asserting that they were not unlawfully holding any county records and they were entitled to CR 11 sanctions because the County brought this action purely to intimidate Smith so he would not testify in a lawsuit against the County. The County responded that there were questions of material fact about whether the records Smith and Longacre held were county records; whether Smith and Longacre had returned the original records; and whether, even if they had returned the originals, they were still unlawfully holding copies. The County supported its opposition to the summary judgment motion with a document log summarizing the 4,600-plus pages of records the County had previously examined, duplicated, and returned to Smith *839 and Longacre. The County also provided a supporting declaration from Aufderheide.
¶ 11 On January 10, 2007, the trial court heard the summary judgment motion.[9] It granted Smith and Longacre's motion and dismissed the County's suit in its entirety, holding that the County failed to identify specifically any "original" County documents held by Smith or Longacre.[10] Report of Proceedings (RP) (Jan. 10, 2007) at 15.
¶ 12 The County appeals.

ANALYSIS
I. Declaratory Judgment Act Claim Relating to Smith Recording Conversations
¶ 13 The County's action for declaratory judgment under chapter 7.24 RCW, asked the trial court to declare that Smith recorded private conversations in violation of the Privacy Act. The County argued that declaratory judgment was proper because "if the County's interpretation of chapter 9.73[RCW] is correct, the County is likely to be held liable for the actions and omissions of its employee, David Smith, for recording private conversations without the consent of all persons being recorded." CP at 30. The County also asserted that "[a] judicial determination [of] whether employees have a reasonable expectation of privacy in their place of work, and whether the recording of conversations at issue in this action violates RCW 9.73.030, will be final and conclusive." CP at 30-31.
¶ 14 The County contends that (1) the trial court erred when it found there was no justiciable controversy and, (2) even if there were no justiciable controversy, the trial court should have considered the action because the issue is one of major public importance; namely, whether a government employee's work-related conversations with co-workers and citizens are public or private conversations. The County also argues that, in addition to finding a justiciable controversy or an issue of major public importance, the trial court should have found that Smith's actions violated the Privacy Act.
¶ 15 Smith responds that the conversations he taped during meetings and contacts regarding citizen complaints did not fall under the Privacy Act because they were not private conversations, and that none of the individuals had a reasonable expectation of privacy.[11] Smith does not address the justiciable controversy issue directly.
A. Standard of Review
¶ 16 We review a trial court's refusal to consider a declaratory judgment action for abuse of discretion. Wash. Fed'n of State Employees v. State, 107 Wash.App. 241, 244, 26 P.3d 1003 (2001). A trial court abuses its discretion only when its decision is manifestly unreasonable or based on untenable grounds. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.
Lu v. King County, 110 Wash.App. 92, 99, 38 P.3d 1040 (2002).
B. Declaratory Judgment Act
¶ 17 The County asserts that the trial court erred when it failed to grant the relief it requested under the Uniform Declaratory *840 Judgments Act, chapter 7.24 RCW. RCW 7.24.010 provides:
Authority of courts to render. Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. An action or proceeding shall not be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.
¶ 18 "In applying the Uniform Declaratory Judgments Act, [Washington courts] have firmly maintained that, absent issues of major public importance, a justiciable controversy must exist before a court's jurisdiction may be invoked under the act." Nollette v. Christianson, 115 Wash.2d 594, 598-99, 800 P.2d 359 (1990). In this context, a justiciable controversy is:
"`(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.'"
Nollette v. Christianson, 115 Wash.2d 594, 599, 800 P.2d 359 (1990) (alteration in original) (quoting Diversified Indus. Dev. Corp. v. Ripley, 82 Wash.2d 811, 815, 514 P.2d 137 (1973)).
¶ 19 In support of its declaratory judgment action, the County filed declarations from three county employees: (1) Randy Casteel, the director of Kitsap County's Public Works Department, regarding Smith's employment, his termination, and Smith's Equal Employment Opportunity Commission (EEOC) charge of discrimination against the County; (2) Penny Starkey, a county employee, regarding the county's instructions to employees that they may not record conversations without the consent and knowledge of the recorded parties; and (3) Aufderheide.
¶ 20 Casteel attached Smith's April 19, 2006, termination letter; a copy of Smith's response to a pretermination notice, an April 28, 2006, letter from Smith grieving his termination, and a copy of Smith's EEOC charge. The termination letter stated that the County was terminating Smith because he (1) "recorded conversations with coworkers, subordinates, supervisors, and members of the public without their knowledge and consent," in violation of county policy and practice "and Washington State law" and (2) deleted files from a county-owned laptop computer after Casteel directed him to return the computer for inspection and to not delete anything from it.[12] CP at 535. Smith admitted that he made numerous recordings without first obtaining consent from the recorded parties, but he asserted that (1) the recorded conversations were not private conversations because they were "conversations carried on by public officials in the course of doing business," and (2) he recorded these conversations to protect himself because he had been threatened with "bodily harm" and had found that some county employees were "illegally undermining and discriminating against other county employees."[13] CP at 539.
¶ 21 Smith's grievance letter asserted that his termination was without cause and that he filed an EEOC discrimination claim on March 15, 2006, and further suggested that he might file a "later lawsuit" addressing "confidential information leaked to the Sun in an attempt to defame [his] good name." CP at 541. Smith also attached a copy of his EEOC claim and related documents, including a document from a whistleblower action *841 he was involved with and a copy of a deposition he gave in Shank's case. In the EEOC claim, he asserted that the County was retaliating against him for objecting to "improper discriminatory actions in the County's hiring and personnel practices," and his involvement in a whistleblower action alleging "illegal activity within [his] agency."[14] CP at 544.
¶ 22 Aufderheide's declaration included portions of Smith's August 18, 2005, deposition taken in the Shank matter in which Smith (1) admitted that he recorded conversations with several individuals without their knowledge; (2) asserted that he made the recordings to "catch Ron Yingling trying to threaten [his] life again," and that Yingling, a former county employee, had threatened his life and his employee's lives; and (3) admitted that he made some of the recordings, particularly those related to some citizen contacts, for other purposes, such as keeping a record of what he told others so he could later report this information accurately. CP at 50.
¶ 23 Smith responded that (1) the recorded conversations were "[n]on-private conversations and communications" because they took place during meetings or when he contacted individuals regarding complaints in his capacity as a public employee, and (2) they were, therefore, "outside the purview of Washington's Privacy Act." CP at 721. He also asserted that there was no justiciable controversy. In addition, he submitted a declaration stating that (1) the recordings were all for his "own use in regards to [his] official duties at Kitsap County and were business related conversations not private conversations," and (2) he was not aware of any litigation with the county over his "proceedings."[15] CP at 732.
¶ 24 At the hearing, the trial court focused on whether there was a justiciable controversy as a prerequisite for it to consider the declaratory judgment action. Aufderheide asserted that there was a justiciable issue because: (1) the County needed to be able to tell its employees that they could not record conversations with citizens or other employees without the other parties' consent; and (2) the matter also related to Smith's existing termination claims and potential additional claims, asserting that Smith was positioning himself to file a lawsuit and noting that Smith had already filed EEOC charges of discrimination against the County. Longacre responded that the County only wanted the declaratory judgment to prevent future behavior and that this did not establish a justiciable controversy.
¶ 25 The trial court ruled:
[T]he county has not met the condition precedent[;] that there's no opposing interest, direct or substantial, between  at the present time, in this lawsuit, with the allegations in the complaint which I have reviewed carefully  between Kitsap County and David Smith, so I am going to deny the declaratory judgment.
RP (June 2, 2006) at 16.
¶ 26 The County moved for reconsideration, emphasizing that it could be held criminally liable for Smith's actions and was, therefore, within "`the zone of interests to be protected or regulated by the statute'" and had "a statutory legal right capable of judicial protection." CP at 735 (internal quotation marks omitted) (quoting Biggers v. City of Bainbridge Island, 124 Wash.App. 858, 864, 103 P.3d 244 (2004)); 736. It informed the trial court that, after its ruling on the County's declaratory judgment action, Smith and Longacre filed claims for damages with the Board of County Commissioners, claiming malicious prosecution and asserting $17,767,528 in damages for Smith and $1,500,000 for Longacre.
¶ 27 The trial court denied the motion for reconsideration and clarified its original denial of the County's action. It reiterated that it denied the County's request for declaratory relief because there was no justiciable *842 controversy. It recognized that the County argued that there was a justiciable controversy because of Smith's and Longacre's subsequent damages claims, but it found that the County had not shown that Smith or Longacre had filed an actual lawsuit against the County. Thus, the trial court concluded that the County (1) failed to show that it suffered any direct harm; (2) only alleged potential and speculative harm from lawsuits by those whose conversations were recorded; (3) had not established any genuine, opposing interest because it no longer employed Smith and he could no longer record conversations that could expose it to liability; (4) did not establish potential harm because criminal liability was theoretical, hypothetical, and speculative. Finally, the trial court stated that, even if it reconsidered its initial denial and granted relief to the County, "it would not affect or resolve the pending claim," because Smith and Longacre could still bring a malicious prosecution lawsuit, further demonstrating that there was no final and conclusive relief it could offer. CP at 756.
C. The Privacy Act and Issues of Major Public Importance
¶ 28 The County contends that (1) Smith asserted that all conversations with public employees are exempt from RCW 9.73.030; and (2) "[t]he question [of] whether the recording of any conversation with a public employee is exempt from RCW 9.73.030 is of major public importance" because "[t]he County, its employees and citizens, necessarily need to know whether conversations with public employees occurring behind closed doors, in private offices, vehicles, and private homes, outside the hearing of the general public, are protected from electronic interception." Br. of Appellant at 23.
¶ 29 RCW 9.73.030 prohibits the recording of private conversations. See Kearney v. Kearney, 95 Wash.App. 405, 412, 974 P.2d 872. RCW 9.73.030 provides in part:
(1) Except as otherwise provided in this chapter, it shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any:
. . . .
(b) Private conversation, by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the conversation.[16]
RCW 9.73.030(1).
¶ 30 RCW 9.73.060 provides that anyone who violates RCW 9.73.030 may be subject to legal action for damages or injury to another's business, person, or reputation. The injured party is entitled to "actual damages, including mental pain and suffering" caused by a violation of the Privacy Act or liquidated damages and reasonable attorney fees and costs. RCW 9.73.060. In addition, information obtained in violation of RCW 9.73.030 is generally inadmissible in any civil or criminal case and violations of RCW 9.73.030 are gross misdemeanors. RCW 9.73.050, .080(1).
¶ 31 "The presence of issues of `broad overriding import' may persuade a court to exercise its discretion in favor of reaching an issue which is otherwise not justiciable." Snohomish County v. Anderson, 124 Wash.2d 834, 840-41, 881 P.2d 240 (1994). To determine whether there is an issue of public importance sufficient to overcome the justiciable controversy requirement, courts look to "the public interest which is represented by the subject matter of the challenged statute" and "the extent to which public interest would be enhanced by reviewing the case." Snohomish County, 124 Wash.2d at 841, 881 P.2d 240 (emphasis omitted).
¶ 32 Here, the County filed declarations from four county employees as well as declarations from three citizens whose conversations Smith recorded, along with transcripts of those recorded conversations. Each individual stated that they were not aware that Smith recorded their conversations and asserted that, even though others were present during some of these conversations, they believed that these conversations were private. *843 The conversations with the citizens generally involved disputes with neighbors or attempts to limit trespassing. The conversations with the co-workers generally related to private and/or personnel matters.
¶ 33 We conclude that the issue of whether conversations with public employees are subject to the Privacy Act and the broader issue of whether certain types of conversations are always Considered private conversations for purposes of the Act[17] are issues of great public importance. Not only should the County be able to advise its employees of the legal limits on their ability to record work-related conversations, but all persons have the right to know whether their conversations with public employees can be surreptitiously recorded. Clarification of these issues will enhance the County's ability to properly advise its employees and establish policies ensuring protection of all persons' privacy rights.
¶ 34 We hold that the trial court erred when it refused to consider the County's request for declaratory judgment on the Privacy Act's application to Smith's conduct and we remand to the trial court for full consideration of the County's declaratory judgment action.[18]
II. Summary Judgment
¶ 35 The County also argues that the trial court erred in granting summary judgment to Smith and Longacre because the County failed to specifically identify any "original" records removed by Smith. RP (Jan. 10, 2007) at 16. Smith and Longacre asserted that they were not unlawfully holding any county records.[19]
A. Standard of Review
¶ 36 When reviewing a summary judgment, we review "`the facts and law with respect to summary judgment de novo.'" Viking Props., Inc. v. Holm, 155 Wash.2d 112, 119, 118 P.3d 322 (2005) (quoting Schaaf v. Highfield, 127 Wash.2d 17, 21, 896 P.2d 665 (1995)). In reviewing the evidence, we "`must consider the evidence and the reasonable inferences therefrom in a light most favorable to the nonmoving party.'" Viking Props., 155 Wash.2d at 119, 118 P.3d 322 (quoting Schaaf, 127 Wash.2d at 21, 896 P.2d 665). "Summary judgment is appropriate only when, after reviewing all facts and reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Viking Props., Inc., 155 Wash.2d at 119, 118 P.3d 322; see CR 56(c);[20]Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982).
B. The County's Claims
¶ 37 The County brought its records claims under chapters 40.14, and 40.16 *844 RCW and Kitsap County Code (KCC) 3.76.110.[21]
1. Chapter 40.14 RCW
¶ 38 The County argues that under chapter 40.14 RCW (1) the documents Smith and Longacre are holding are "public records" subject to this chapter; and (2) Smith had no authority to remove these documents from his office and has no authority to continue to hold these documents and, therefore, must return them to the County.
¶ 39 Chapter 40.14 RCW relates to the preservation and destruction of public records. RCW 40.14.020 provides in relevant part: "All public records shall be and remain the property of the state of Washington. They shall be delivered by outgoing officials and employees to their successors and shall be preserved, stored, transferred, destroyed or disposed of, and otherwise managed, only in accordance with the provisions of this chapter." RCW 40.14.010 provides the definition of the term "public records."
As used in this chapter, the term "public records" shall include any paper, correspondence, completed form, bound record book, photograph, film, sound recording, map drawing, machine-readable material, compact disc meeting current industry ISO specifications, or other document, regardless of physical form or characteristics, and including such copies thereof, that have been made by or received by any agency of the state of Washington in connection with the transaction of public business, and legislative records as described in RCW 40.14.100.
For the purposes of this chapter, public records shall be classified as follows:
(1) Official public records shall include all original vouchers, receipts, and other documents necessary to isolate and prove the validity of every transaction relating to the receipt, use, and disposition of all public property and public income from all sources whatsoever; all agreements and contracts to which the state of Washington or any agency thereof may be a party; all fidelity, surety, and performance bonds; all claims filed against the state of Washington or any agency thereof; all records or documents required by law to be filed with or kept by any agency of the state of Washington; all legislative records as defined in RCW 40.14.100; and all other documents or records determined by the records committee, created in RCW 40.14.050, to be official public records.
(2) Office files and memoranda include such records as correspondence, exhibits, drawings, maps, completed forms, or documents not above defined and classified as official public records; duplicate copies of official public records filed with any agency of the state of Washington; documents and reports made for the internal administration of the office to which they pertain but not required by law to be filed or kept with such agency; and other documents or records as determined by the records committee to be office files and memoranda.
RCW 40.14.010 (emphasis added).
2. Chapter 40.16 RCW
¶ 40 The County also contends it is entitled to recover the documents under chapter 40.16 RCW.

*845 Every person who shall willfully and unlawfully remove . . . a . . . paper, document, or other thing filed or deposited in a public office, or with any public officer, by authority of law, is guilty of a class C felony and shall be punished by imprisonment in a state correctional facility for not more than five years, or by a fine of not more than one thousand dollars, or by both.
RCW 40.16.010. Additionally,
[e]very officer who shall mutilate, destroy, conceal, erase, obliterate, or falsify any record or paper appertaining to the officer's office, or who shall fraudulently appropriate to the officer's own use or to the use of another person, or secrete with intent to appropriate to such use, any money, evidence of debt or other property intrusted to the officer by virtue of the officer's office, is guilty of a class B felony and shall be punished by imprisonment in a state correctional facility for not more than ten years, or by a fine of not more than five thousand dollars, or by both.
RCW 40.16.020.
¶ 41 Chapter 40.16 RCW, entitled "Penal Provisions," establishes the criminal penalties for the unlawful removal or fraudulent appropriation of records or documents for one's own or another's use.
3. KCC 3.76.110
¶ 42 Finally, the County also brought its records claim under KCC 3.76.110, entitled: "Protection of public records  Penalties, fines, and enforcement" and provides in relevant part:
(2) Original public records shall not be removed from the premises where maintained. . . . .
(6) Any violation of this section by knowingly altering, defacing, or destroying public records, or removing original public records from the premises where maintained, shall be deemed a class 2 civil infraction.
KCC 3.76.110 (emphasis added). KCC 3.76.110 is also a basis of the County's argument that Smith's removal of any original public record was without authority and, therefore, he and Longacre must return any such documents to the County.
C. Summary Judgment Motion  Evidence Relating to the County's Records Claim
¶ 43 Smith and Longacre submitted their own declarations and that of their current counsel, Randy W. Loun, who previously represented Shank, in support of their summary judgment motion for dismissal of the County's records claims. Loun's declaration included excerpts from Smith's August 18, 2005, deposition in the Shank matter. The only reference to any records in these excerpts was Smith's statement that he documented various pieces of information in his "notes" and that he had provided those "notes" to the County. CP at 786. Longacre's declaration described the various subpoenas he received and materials he and Smith produced during the Shank matter, indicating that the County copied all the documents and returned them to Longacre. Longacre also alleged that Smith returned the county records to the County. Smith stated that Aufderheide advised him to take the documents to Longacre's office "so they could be prepared for production" in the Shank matter; that these documents "included County records"; and that the documents the County copied contained "both personal and County Business records." CP at 806. Smith also asserted that "all business related records were returned to the county offices and Ms. Aufderheide was so advised." CP at 809.
¶ 44 The County's response asserted that material issues of fact existed and that resolution of significant legal issues turned on how those issues of fact were resolved. It stated these issues of fact and law as:
Whether the records removed and appropriated by David Smith from Kitsap County are public records within the meaning of RCW 40.14.010 and RCW [42.56.010(2)]. . . . If the records removed and appropriated by David Smith are public records, whether Mr. Smith removed and appropriated them in violation of chapters 40.14, 40.16, and 42.23 RCW, and Kitsap County Code 3.76.110.

*846 . . . Whether the records removed and appropriated by David Smith should be restored to Kitsap County.
CP at 861. It also asserted that there was a question of fact about whether the documents Smith took were county records because "[t]o the best of the County's knowledge and belief, many of the records were created using supplies owned by the County, were made during Mr. Smith's workday, and concerned County business" and, therefore, summary judgment was not appropriate. CP at 863.
¶ 45 The County attached Aufderheide's declaration that included the document log generated during the Shank litigation. It described the more than 4,600 pages of documents Longacre allowed the County to examine and duplicate; the County asserted that this log demonstrated that at least some of the documents were county property.[22] Aufderheide indicated that she told Smith to "consult" with Longacre about the documents, rather than not to remove the documents from his office and deposit them with Longacre. CP at 833. She also asserted that Smith and Longacre did not return any documents to the County and that the County had only the copies it made, not the originals. The County also asserted that any copies in Smith's possession were also county property and that "the quality of the copies [the County has] does not match the quality of the documents removed by Smith." CP at 867.
¶ 46 Our review shows that the document log includes work-related emails on county-related business, drafts of and completed employee performance evaluations, Smith's subordinate employees' personnel records, attorney-client related materials, drafts of county reports, meeting notes, work-related correspondence and memoranda, and county-owned day planners Smith used at his job. The County did not provide copies or originals of the numerous documents it claims are in Smith's or Longacre's control.
D. Material Issues of Fact Remain Unresolved
¶ 47 We hold that the trial court erred when it concluded that the County failed to demonstrate that material issues of fact remain about whether the documents are public records subject to chapter 40.14 RCW. First, although Smith asserted that he returned all public records to the County, Aufderheide's declaration contradicted this statement, thereby creating a question of fact about which, if any, documents Smith and Longacre still possess. Second, the trial court found only that the County had failed to establish a question of fact about whether the documents at issue were "original records," but RCW 40.14.010 provides that, although certain records must be originals, "public records" also include copies of records. RCW 40.14.010(1). Accordingly, this finding was clearly error under the County's chapter 40.14 RCW claim. Finally, the document log demonstrates that, at the very least, the documents include such items as completed forms made by or received by the County or "documents and reports made for the internal administration of the office to which they pertain but not required by law to be filed or kept with such agency." RCW 40.14.010(2). Accordingly, we hold that the County established an issue of material fact about whether Smith and Longacre possess public records subject to chapter 40.14 RCW.
¶ 48 We also conclude that the County established a question of fact about whether Smith had the authority to remove or retain the documents. Although Smith asserted that he took the documents to Longacre at Aufderheide's direction, Aufderheide's declaration and attachments clearly suggest otherwise. Furthermore, even if Smith had authority to remove the documents, the County has shown through its repeated requests for *847 their return that it has withdrawn any authority for Smith to retain them. RCW 40.14.020 provides that "[a]ll public records shall be and remain the property of the State of Washington"; accordingly, if the documents prove to be public records, the County was clearly within its authority to require that Smith and Longacre return them. Accordingly, the trial court erred when it dismissed the County's claim under chapter 40.14 RCW on summary judgment.
¶ 49 Furthermore, there was no indication that the County pursued criminal action against Smith or Longacre. But, if the documents are subject to chapter 40.16 RCW and Smith did not have the authority to remove or retain them, the County had, at a minimum, the right to require their return. Finally, although chapter 40.16 RCW does not specifically state that it applies to copies of documents, even assuming it only applies to original documents, the record also establishes a material issue of fact about whether the documents include originals. First, Smith admitted in his declaration that he removed county records, which suggests he removed original documents. Second, the County asserts that it no longer has the originals of many of the documents taken by Smith, also suggesting that Smith took and retained the original documents. Thus, a question of fact exists about whether Smith removed original documents. Accordingly, the trial court erred when it dismissed the County's records claim under chapter 40.16 RCW on summary judgment.
¶ 50 To survive summary judgment on its claim under KCC 3.76.110, the County had to establish that there were issues of material fact about whether: (1) Smith removed public records as defined under the county code; (2) the public records he removed were original public records; (3) he removed them without authority; and (4) he has not returned the original public records to the County. The last two issues overlap with those already determined to be unresolved issues of material fact under chapters 40.14 and 40.16 RCW, requiring reversal of summary judgment on those grounds.
¶ 51 KCC 3.76 provides in relevant part:
(2) "Public record" includes any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function, regardless of physical form or characteristics, prepared, owned, used, or retained by any state or local agency.
(3) "Writing" means handwriting, typewriting, printing, photostating, photographing, and every other means of recording any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combination thereof, and all papers, maps, magnetic or paper tapes, photographic films and prints, magnetic or punched cards, discs, drums, diskettes, sound recordings, and other documents including existing data compilations from which information may be obtained or translated. KCC 3.76.020(2)-(3). The document log lists items such as employee performance reviews and disciplinary information that could be construed as "writing[s] containing information relating to the conduct of government or the performance of any governmental or proprietary function, regardless of physical form or characteristics, prepared, owned, used, or retained by any state or local agency." KCC 3.76.020(2). And the record undeniably demonstrates that Smith removed these records. Thus, there is an issue of material fact about whether Smith removed public documents as defined under the county code. Accordingly, the trial court erred when it dismissed the County's records claim under KCC 3.76.110 on summary judgment.
III. CR 11 Sanctions Requested by Smith and Longacre
¶ 52 Smith and Longacre request CR 11 sanctions against the County generally, asserting that the County's action was frivolous and "was commenced solely for the purpose of harassing and intimidating Longacre and Mr. Smith into ignoring Mr. Shank's lawfully issued federal subpoena for Mr. Smith[']s personal and public records." Br. of Resp't (Longacre) at 8. In addition, Longacre argues that he is entitled to CR 11 sanctions "against both the county and Ms. Aufderheide for bringing this cause of action against Longacre merely because he facilitated compliance with legally issued subpoenas and deposition notices and consulted with his client about employment concerns." Br. of Resp't (Longacre) at 11-12. He also asserts *848 that the lawsuit will have a "chilling effect" on county employees seeking legal advice or attempting to document illegal activities of supervisors.[23] Br. of Resp't (Longacre) at 12.
¶ 53 An appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there was no reasonable possibility of reversal. Green River Comm'ty College Dist. 10, 107 Wash.2d 427, 442-43, 730 P.2d 653 (1986); see also Carrillo v. City of Ocean Shores 122 Wash.App. 592, 619, 94 P.3d 961 (2004).
¶ 54 Smith and Longacre cannot assert a claim that the trial court erred in not imposing CR 11 sanctions against the County because they did not appeal the trial court's dismissal of the case without addressing their CR 11 claim. We also deny their request for CR 11 sanctions on appeal because the County's arguments have merit and, thus, are not frivolous.[24]
¶ 55 We affirm the trial court's dismissal of the County's claims under chapter 42.23 RCW and chapter 42.56. RCW. We reverse the trial court's denial of the County's declaratory judgment action and its dismissal of the County's records claims under chapters 40.14 and 40.16 RCW and KCC 3.76.110, and we remand for further proceedings consistent with this opinion. In addition, we deny Smith's and Longacre's requests for CR 11 sanctions and grant the County's request to strike those portions of Longacre's brief pertaining to the County's Privacy Act claim.
¶ 56 Reversed and remanded for trial.
We concur: BRIDGEWATER and PENOYAR, JJ.
NOTES
[1] Chapter 40.14 RCW relates to the preservation and destruction of public records.
[2] Chapter 40.16 RCW provides the penal provisions for injury to public records, injury to and misappropriation of records, and offering a false instrument for filing or record. See RCW 40.16.010, .020, .030.
[3] The County notes that Shank's attorney also subpoenaed these records from Smith and Longacre. Shank's counsel ultimately reached an agreement with the County and withdrew the subpoena, but Smith asserts that he complied with the subpoena and released the documents and recordings to Shank's counsel.
[4] The County also added Shank as a defendant; the parties later stipulated to his dismissal.
[5] The County also alleged that Smith (1) "may have willfully and unlawfully disclosed confidential information gained by reason of his official position as a County employee, including but not limited to personal information from the files of County employees and privileged information, and may have willfully and unlawfully disclosed confidential and privileged information for his private uses and purposes"; and (2) "willfully and unlawfully deleted, removed, altered, mutilated, destroyed, concealed, and/or obliterated public records stored on a County-owned computer and Mr. Smith's actions and conduct were done for private purposes, not for official County business." CP at 14-15. Neither the declaratory judgment motion nor the summary judgment motion addressed these issues, and the trial court appears to have dismissed the case without considering them. The County does not, however, address any of these issues in its appeal.
[6] RCW 40.14.010 defines the term "public records" for purposes of chapter 40.14 RCW.
[7] This citation was intended to be to the "Public Records Act." The County cited former RCW 42.17.020(36) (2002), but in 2005, the legislature removed the Public Records Act from chapter 42.17 RCW and recodified it under chapter 42.56 RCW; this definitional provision, which defines "public records" as used under the act, was then recodified in 2007 as RCW 42.56.010(2). RCW 42.56.001; see also Laws of 2005, ch. 274 § 1; Laws of 2007, ch. 197 § 1. For clarity, we refer to chapter 42.56 and its provisions throughout this opinion, rather than the former version of the Public Records Act.
[8] The Hon. Karlynn Haberly presided over this matter.
[9] The Hon. Craddock D. Verser presided over this matter.
[10] The trial court did not address the CR 11 issue.
[11] Longacre also responded to this issue, but the County's complaint and amended complaint clearly identified the claim against Longacre; the Privacy Act claims were not included. The only claim against Longacre is that he refused to return the County's public records and the recordings, in violation of chapter 40.16 RCW and Kitsap County Code (KCC) 3.76.110. Additionally, Longacre does not represent Smith on appeal. Accordingly, we grant the County's request to strike those portions of Longacre's response on appeal addressing the Privacy Act issue, and we do not consider the arguments on appeal. We also deny Longacre's request for CR 11 sanctions against the County on the Privacy Act claim.
[12] On appeal, neither party raises an issue related to the allegation that Smith deleted files from a county-owned laptop computer after Casteel directed him to return it for inspection.
[13] Smith admitted that he "uninstalled the DS-330 Digital Recorder software" because it was his personal software, but he asserted that he never considered this to be deleting the files he was directed to leave on the computer. CP at 538. He also asserted that if any additional files were deleted, they were deleted after he turned in the computer to Casteel.
[14] Casteel attached a copy of the same EEOC claim to his declaration.
[15] Smith also stated in his declaration that he returned all files and tape recordings; that he did not destroy any county records; and that he took all the personal records he maintained for his "protections" to his counsel at Aufderheide's direction, but that Aufderheide then attempted to sue him for doing so. CP at 731.
[16] The statute does not, however, prohibit the dissemination or divulgence of the recorded conversations. Kearney v. Kearney, 95 Wash.App. at 412, 974 P.2d 872.
[17] For the Act to apply, the conversation must be a "private" conversation. RCW 9.73.030; State v. Clark, 129 Wash.2d 211, 224, 916 P.2d 384 (1996). Whether a conversation is private for purposes of the Act depends on the "`intent or reasonable expectations of the participants as manifested by the facts and circumstances of each case.'" Clark, 129 Wash.2d at 224, 916 P.2d 384 (internal quotation marks omitted) (quoting Kadoranian v. Bellingham Police Dep't, 119 Wash.2d 178, 190, 829 P.2d 1061 (1992)).
[18] Because we hold that the declaratory judgment action involves a matter of important public interest, we need not also decide whether the County also presented a justiciable controversy. See DiNino v. State, 102 Wash.2d 327, 330, 684 P.2d 1297 (1984). ("Absent issues of major public importance, however, a `justiciable controversy' must exist before a court's jurisdiction may be invoked under the act.") (internal quotation marks omitted) (quoting Diversified Indus. Dev. Corp., 82 Wash.2d at 814-15, 514 P.2d 137). Although the County invites us to reach the issue of whether Smith's actions violated the Privacy Act, we decline to do so because the trial court did not reach these issues and the record related to these issues is not adequately developed.
[19] They also argued that they were entitled to CR 11 sanctions because the County brought this action purely to intimidate Smith, so he would not testify in another lawsuit against the County. The trial court did not consider this motion for sanctions. On appeal, Smith and Longacre do not raise any issues related to this motion or the trial court's apparent failure to address it.
[20] CR 56(c) provides in relevant part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
[21] The County also contended that it was entitled to recover the documents under chapter 42.23 RCW. Generally, chapter 42.23 RCW pertains to the code of ethics for municipal officers in relation to contract interests, so it is not entirely clear what claim the County was asserting under this chapter, but it appears the County may have argued that Smith disclosed confidential information for his own gain or benefit. RCW 42.23.070(4) ("No municipal officer may disclose confidential information gained by reason of the officer's position, nor may the officer otherwise use such information for his or her personal gain or benefit."). But this chapter does not establish the County's right to recover documents or define what constitutes unlawful removal of documents and we do not further discuss this claim. The County also asserted that it was entitled to recover the documents under chapter 42.56 RCW, the "Public Records Act." But the primary purpose of the Public Records Act is to ensure an open and honest government and, to that end, allow the public access to all public records unless those records fall under an exception to the act. See RCW 42.56.030. Although the Public Records Act defines "public records" for purposes of the act, RCW 42.56.010(2), it does not establish when, or whether, County employees may remove county files. Accordingly, this act is irrelevant to the County's records related claim. Thus, the trial court did not err in dismissing these claims.
[22] The document log listed (1) the document numbers for each document; (2) a summary of the content of the document compiled by the County; and (3) the status of the document as "Previously Disclosed," "Not Relevant; But Disclosed per Protective Order dated 9/16/05," "Not Relevant," "Not Disclosed," "Attorney Work Product," "Attorney Client Privilege." CP at 840. The references to disclosure appear to relate to whether the document was disclosed in the Shank matter. The summaries generally noted the type of document, its date, and noted if they were "work related." CP at 840.
[23] We reject Longacre's request for CR 11 sanctions as it relates specifically to the Privacy Act issue as discussed in note 11.
[24] RAP 18.9(a) provides that we, on our own motion or on motion of a party, "may order a party . . . who . . . files a frivolous appeal . . . to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." And, "[b]ringing a frivolous appeal justifies the imposition of terms and compensatory damages. Green River Comm'ty College Dist. 10, 107 Wash.2d at 442-43, 730 P.2d 653; Pearson v. Schubach, 52 Wash.App. 716, 725-26, 763 P.2d 834 (1988), review denied 112 Wash.2d 1008 (1989)." Fay v. Northwest Airlines, Inc., 115 Wash.2d 194, 200, 796 P.2d 412 (1990).